## DANA *vs.* STANFORD.

*Twelfth Judicial District Court, August.* 1857.

### CREDITOR'S BILL—EXECUTION.

The original remedy by creditor's bill is not impaired or superseded by the provisions of the statute regulating proceedings supplementary to execution.

Where a defendant confesses that he has no property, there is no necessity for an execution at all, as it would then be utterly useless.

In this case, the plaintiff, a judgment creditor of Samuel Deitz, filed a complaint in the nature of a creditor's bill to set aside an assignment made by Deitz to Stanford Brothers, and to have certain property and assets applied to the payment of his judgment.

The complaint shows that the plaintiff's judgment was for $3,602.50 recovered in the Twelfth District Court on the 6th day of June, 1857; that execution issued to the sheriff on the same day; that the sheriff after making diligent search and inquiry for property of Deitz, on which to levy said execution and make the money therein specified, was unable to find any property, and afterwards, on the 11th day of June, 1857, he, the sheriff, returned the execution *nulla bona.* It also alleges that on the 18th of April last and after the plaintiff's

debt was contracted, said Deitz was carrying on a large business in San Francisco and Sacramento, and owned property of the value of $40,000 which he assigned and transferred to Stanford Brothers ; that at the time of this transfer, Deitz was in failing circumstances, and that Stanford Brothers were among his creditors, and that the property so transferred constituted all Deitz's property ; that such transfer was made for the purpose of preferring Stanford Brothers ; and that Deitz retained an interest in the property ; and that the transaction was made to hinder, delay, or defraud the other creditors of Deitz, and especially the plaintiff. The plaintiff therefore prayed to have the assignment set aside as fraudulent and void, as against him, and to have a sufficient amount of property applied to the payment of his judgment.

The defendants, Stanford Brothers, demur to the complaint on the following grounds :

1. A creditor's bill is not allowable in this State, the Legislature having provided an adequate remedy by proceedings " supplemental to execution."

2. The action is premature, the execution having been returned by the Sheriff, after having been in his hands only *five days.*

3. The complaint should have set forth the particular assignment, so that the court could judge whether it was fraudulent or not.

*S. M. Bowman,* for plaintiff.

*Crockett & Page,* for defendant.

NORTON, J.—It has been held by this court, and also by the Supreme Court, that the original remedy by creditor's bill, in cases like this, is not impaired or superseded by the statute allowing certain proceedings supplementary to execution, the statute being cumulative to the original chancery remedy. This is not a bill for discovery. The complaint shows that all the property of the debtor was assigned to Stanford Brothers, and mentions the particular property, and shows that Deitz had no other property.

There can be no objection to the complaint on this ground.

The defendant's counsel cites some authority in New York showing that a creditor's bill cannot be maintained until after execution has

expired ; but those cases were cited under a particular statute in that State, and are not applicable to a case like this. It is stated in the complaint that the debtor has no property in his hands whatever, and that it has all been transferred to Stanford Brothers. This being confessed by the demurrer, there was no necessity for an execution at all, as the effort to pursue the debtor's property under such circumstances was utterly useless. The Supreme Court, in a recent case, has decided that a creditor's bill may be maintained in some cases before judgment.

The complaint states that this assignment was made to prefer creditors. If so, it was fraudulent as to the plaintiff. It also shows that the debtor retained an interest in the property assigned, and if so, the assignment was void on this ground also, and there was no necessity for setting out the particular agreement or instrument by which the assignment was made.

The demurrer is overruled with leave to defendants to answer, by paying costs.